USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/27/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
DOROTHY M. SHAW,

                Plaintiff,

    -against-

UNITED STATES POSTAL SERVICE, ET AL,

                Defendants.
----------------------------------------X

09 Civ. 6617 (DAB)
ADOPTION OF REPORT
AND RECOMMENDATION

DEBORAH A. BATTS, United States District Judge.

    This matter is before the Court upon the August 16, 2010 Report and Recommendation of United States Magistrate Judge Henry B. Pitman (the "Report"). Judge Pitman's Report recommends that Defendants' Motion to Dismiss the Amended Complaint (Docket # 11) be GRANTED in its entirety. (Report at 3.)

    "Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The district court may adopt those portions of the report to which no timely objection has been made, so long as there is no clear error on the face of the record. Wilds v. United Parcel Serv., Inc., 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003). "[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." Caidor v. Onondaga County, 517 F.3d 601,

604 (2d Cir. 2008) (quoting Small v. Sec. of HHS, 892 F.2d 15, 16 (2d Cir. 1989)). This rule applies to pro se parties so long as the magistrate's report "explicitly states that failure to object to the report within [fourteen (14)] days will preclude appellate review..." Small, 892 F.2d at 16. Judge Pitman's Report advised Parties of the procedure for filing objections, and warned Parties that failure to file objections would waive objections and preclude appellate review. (Report at 37-38.)

No Party has filed any objections to Magistrate Judge Pitman's Report. However, the Court is in receipt of a letter from Pro Se Plaintiff dated September 1, 2010, which is styled as an Affirmation in Opposition of Motion to Dismiss.[1]

Defendants filed their Motion to Dismiss on January 29, 2010. Eighty-three days later, on April 27, 2010, Magistrate Judge Pitman issued an Order reminding Plaintiff of her right to oppose the Motion and extending the deadline for her to do so until May 31, 2010. That Order also warned Plaintiff that as of May 31, 2010, the Court would consider the motion fully submitted and ripe for decision. On or about May 27, 2010, Plaintiff submitted a response, styled as an Order, which Magistrate Judge Pitman treated as Plaintiff's Opposition to Defendant's Motion to

---

[1] The September 1, 2010 Affirmation does not address the merits of Defendants' Motion to Dismiss.

2

Dismiss. (See Report at 17, fn. 5.) Plaintiff's recent letter submission dated September 1, 2010, styled as an Affirmation in Opposition of Motion to Dismiss, is thus both duplicative and untimely.

Under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, the Court may, for good cause, extend time "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6. Plaintiff's September 1, 2010 letter, broadly read, suggests excusable neglect, namely that Plaintiff was unable to pursue her case largely because she was hospitalized beginning on or about February 5, 2010. However, the record shows that Plaintiff was able to pursue her case despite being hospitalized. First, Plaintiff, by letter dated February 9, 2010, designated a third party to assist her in doing "what needs to be done" in the prosecution of her case, though she did not provide an address for that third party or inform the pro se office of a new address for correspondence from the Court. Thereafter, Plaintiff received, by mail sent to her home, Magistrate Judge Pitman's April 27, 2010 Order, a copy of which she included in her May 27, 2010 response to that Order, implying that she received the Court's communications despite being hospitalized. Lastly, Plaintiff timely submitted documents in opposition to Defendants'

3

Motion to Dismiss on or about May 27, 2010, at which time she indicated that she was no longer in Presbyterian Hospital. Plaintiff did not communicate with the Court again until her September 1, 2010 letter, which was received after the Motion to Dismiss had been decided and after the deadline for objections to Magistrate Judge Pitman's Report and Recommendation.[2]

The Court is mindful of Plaintiff's pro se status, and is aware that pro se litigants such as Plaintiff face significant obstacles and must be given every consideration. See, e.g., Romandette v. Weetabix Co., 807 F.2d 309, 309 (2d Cir. 1986). Nevertheless, Plaintiff's pro se status, standing alone, does not provide good cause for the filing of an additional opposition to Defendants' Motion to Dismiss at this late date, more than seven months after the Court-ordered extended deadline by which such pleadings were to be filed and when, more importantly, the motion has already been decided by the Court. See McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir.

---

[2]Defendant's September 1, 2010 letter does not contain substantive objections to Magistrate Judge Pitman's Report and Recommendation, and would not trigger de novo review of the Report's findings even if interpreted as an objection to the Report. Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) ("To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error.")

4

1988) (stating that "all litigants, including pro ses, have an obligation to comply with court orders"). Therefore, the Court finds that Plaintiff has been afforded the leniency appropriate to Pro Se Parties, but has nonetheless failed to show good cause for a further extension of time either to oppose Defendants' Motion to Dismiss or to object to the Report and Recommendation.

Having reviewed the Report, and finding no clear error on the face of the record, see 28 U.S.C. § 636(b)(1)(B), it is hereby ORDERED AND ADJUDGED that the Report and Recommendation of United States Magistrate Judge Henry B. Pitman, dated August 16, 2010, be and the same hereby is APPROVED, ADOPTED, and RATIFIED by the Court in its entirety. The Clerk of Court is directed to close the docket in this matter.

SO ORDERED.

Dated:   New York, New York
         September 27, 2010

                                          _____
                                          Deborah A. Batts
                                          United States District Judge

5